O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#17**
**8/10 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3200 PSG (VBKx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | Huntington Learning Centers, Inc. v. The Education Gateway, Inc., et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**  **(In Chambers) Denying Motion to Withdraw as Counsel of Record**

Before the Court is Nye, Peabody, Stirling & Hale's motion to withdraw as counsel as counsel of record for Defendants. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court hereby DENIES the motion.

I.  Background

On June 12, 2009, the law firm of Nye, Peabody, Stirling & Hale ("NPSH" or "the firm") was retained by The Education Gateway, Inc. ("TEG") and Audrey Gamble (collectively, "Defendants") to prepare a responsive pleading to the complaint filed by Huntington Learning Centers, Inc. ("Plaintiff") against Defendants and to initiate early settlement discussions. Defendants and NPSH agreed that if the parties could not reach an early settlement, the firm would not continue to represent Defendants in the ongoing litigation and would not prepare a responsive pleading.

NPSH obtained two extensions, pursuant to stipulations by Plaintiff, to file a responsive pleading. However, the parties have been unable to reach a settlement agreement to date. NPSH presently seeks to withdraw as counsel for Defendants.

II.  Legal Standard

The decision to grant or deny counsel's motion to withdraw is within the discretion of the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17
8/10 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3200 PSG (VBKx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | Huntington Learning Centers, Inc. v. The Education Gateway, Inc., et al. | | |

trial court. *Irwin v. Mascott*, No. 97-4737, 2004 U.S. Dist. LEXIS 28264, at *3 (N.D. Cal. Dec. 1, 2004). Courts often weigh four factors in determining whether to grant or deny such a motion. *Id.* at *4. These factors include the following: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id.*; *Beard v. Shuttermart of Cal.*, *Inc.*, No. 07CV594WQHLS, 2008 WL 410694, at *2-3 (S.D. Cal. Feb. 13, 2008); *Kassab v. San Diego Police Dep't*, No. 07cv1071, 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008); *Taylor v. Stewart*, 20 F. Supp. 2d 882, 883-85 (E.D. Pa. 1998). Further, Local Rule 83-2.9.2.1 requires an attorney to seek leave from the court before withdrawal. In cases where the client is a corporation, Local Rule 83-2.9.2.3 provides that the attorney "shall give written notice to the corporation . . . of the consequences of its inability to appear *pro se*."

III.   Discussion

Here, the relevant factors weigh in favor of permitting NPSH to withdraw. First, NPSH and Defendants expressly agreed to limit the scope of NPSH's representation. Pursuant to that agreement, NPSH is seeking to withdraw because an early resolution of this matter was not achieved. Defendants have consented to the withdrawal. Accordingly, NPSH's reasons for seeking withdrawal weigh in favor of granting the motion.

Under the second factor, the Court must consider the prejudice to Plaintiff that a delay in the litigation would cause. Since a corporation cannot appear *pro se*, TEG would be forced to find other counsel to prepare a responsive pleading. However, if TEG is unable to file a timely responsive pleading, Plaintiff may seek entry of default. Therefore, the prejudice to Plaintiff is negligible. Furthermore, Plaintiff does not oppose the motion.

The final factors this Court should consider are whether the withdrawal would harm the administration of justice and the degree to which withdrawal will delay the resolution of the case. This litigation is still in its earliest stages. Accordingly, new counsel would not need a great deal of time to become familiar with the case. The Court finds that the withdrawal will not unduly delay resolution of this action.

However, NPSH has failed to establish that it complied with Local Rule 83-2.9.2.3 and has not attached written proof of compliance. Jonathan Miller, one of the attorneys representing Defendants, stated in an affidavit that his firm has "*discussed* with Defendants its inability to

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17
8/10 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3200 PSG (VBKx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | Huntington Learning Centers, Inc. v. The Education Gateway, Inc., et al. | | |

appear *Pro Se* for the Defendant corporation and advised Defendant to seek legal representation to do so." *Miller Decl*. ¶ 10 (emphasis added). However, an attorney needs to explain *in writing* the consequences of failure to obtain representation. L.R. 83-2.9.2.1; *Hyloft, Inc. v. Jiangsu Sainty Shengtong Imp. & Exp. Co., Ltd.*, No. CV 07-5819, 2008 WL 4184633, at *3 (C.D. Cal. Sept. 8, 2008); *see also Urethane Foam Experts, Inc. v. Latimer*, 31 Cal. App. 4th 763, 766, 37 Cal. Rptr. 2d 404 (1995) (discussing written notice requirement under California Rules). As such, the Court denies the motion for failure to comply with Local Rule 83-2.9.2.3.

IV.     Conclusion

     For the foregoing reasons, the Court DENIES NPSH's motion to withdraw without prejudice. The hearing date for this motion is VACATED.

     **IT IS SO ORDERED.**